UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHONA BOYD                                    CIVIL ACTION NO. 25-cv-078

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

GREYHOUND LINES INC ET AL                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Shona Boyd ("Plaintiff") filed suit in state court based on allegations that she was injured in an accident while riding as a passenger on a Greyhound bus. She named as defendants Greyhound Lines, Inc. and bus driver John Doe. Greyhound removed the case based on an assertion of diversity jurisdiction. Boyd is a citizen of Louisiana, Greyhound is a citizen of Delaware and Texas, and the citizenship of a fictitious defendant may be ignored.

Before the court is Plaintiff's Motion for Leave to File Amended Complaint (Doc. 21) in which she asks to amend her complaint to name the actual bus driver, John Allen Lee. The accident report at the time of the December 2023 accident indicated that Lee had an address in Alabama. Defense counsel stated at a scheduling conference that Lee later moved to Louisiana. In a memorandum (Doc. 24, p. 2, n. 2), defense counsel stated: "While John Allen Lee was domiciled in Alabama at the time of the alleged accident, undersigned counsel discovered and disclosed to Plaintiff's counsel that Lee has since moved to Louisiana."

The parties debate whether Plaintiff should be allowed to amend the complaint and name Lee as a defendant, which they both appear to assume would destroy diversity

jurisdiction. The current record, however, does not allow for that determination. "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996). "If diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent changes in the citizenship of the extant parties." Id.

The current record does not indicate when Mr. Lee is believed to have become a citizen of Louisiana. To be a citizen of a state within the meaning of the diversity statute, a person must be a domiciliary of that state as determined by federal common law. Coury, 85 F.3d at 248. A person acquires a domicile of origin at birth, and it is presumed to continue absent sufficient evidence of change. There is a presumption of continuing domicile whenever a person relocates, and to defeat the presumption and establish a new "domicile of choice" there must be both (1) residence in a new state and (2) an intention to remain in that state indefinitely. Acridge v. Evangelican Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). "There is no durational residency requirement in the establishment of domicile; once presence in the new state and intent to remain are met, the new domicile is instantaneously established." Id. And the intent need not be to remain in the new state forever; intent to remain indefinitely has been described by some courts as "the absence of any intention to go elsewhere." Coury, 85 F.3d at 250.

The current record suggests that Mr. Lee was domiciled in and thus a citizen of Alabama at the time of the accident, but he later moved to Louisiana. What must be known is whether Mr. Lee's move to Louisiana equated to a change in his domicile/citizenship

and what the status of his domicile/citizenship was on the date this suit was filed (December 18, 2024) and the date it was removed (January 17, 2025).

Counsel are directed to promptly confer and, after discussing the issue with Mr. Lee if necessary, attempt to stipulate as to Mr. Lee's citizenship on the relevant dates. Mr. Lee's statement of intent is relevant, but other relevant factors, which may outweigh Lee's statement if they are in conflict, "include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." Coury, 85 F.3d at 251.

The deadline for filing such a stipulation, or a report that counsel are unable to agree, is **July 24, 2025**. If it is agreed that Mr. Lee was a Louisiana citizen on the relevant dates, then the court will proceed to analyze Plaintiff's motion for leave to amend under the Hensgens factors. If he was still a citizen of Alabama at the relevant times, then the court will not have to be concerned with whether granting leave to amend impacts diversity jurisdiction. If there is a lack of agreement on Lee's citizenship at the relevant times, the contested issue will have to be resolved by the court after discovery and additional briefing, as it was in LeGrande Services LLC v. S W N Production (Louisiana) LLC, 24 CV 1545 (W.D. LA).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of July, 2025.

Mark L. Hornsby
U.S. Magistrate Judge